# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LYNSEY JACOBS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-cv-3620** |
| | § | |
| **SOUTHWEST TRANSPLANT** | § | |
| **ALLIANCE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### INDEX OF PLEADINGS FILED IN COUNTY COURT

| Exhibit | Document Name | Date Filed |
|---------|---------------|------------|
| 1 | County Court Docket Sheet | 09.29.20 |
| 2 | Plaintiff's Original Petition | 09.29.20 |
| 3 | Citations | 11.20.20 |
| 4 | Letter from Court setting dismissal hearing | 10.07.20 |
| 5 | Defendant's Original Answer and Defenses | 12.11.20 |

Respectfully submitted,

By: _/s/ Gary D. Eisenstat_
      GARY D. EISENSTAT
      Texas State Bar No. 06503200
      gary.eisenstat@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gary D. Eisenstat*
GARY D. EISENSTAT

45161329.1

# EXHIBIT 1

## Case Information

CC-20-04244-B | LYNSEY JACOBS vs.SOUTHWEST TRANSPLANT ALLIANCE, INC

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-20-04244-B | County Court at Law No. 2 | BELLAN, MELISSA |
| File Date | Case Type | Case Status |
| 09/29/2020 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
JACOBS, LYNSEY

Active Attorneys ▾
Lead Attorney
SCOTT, MATTHEW R
Retained

DEFENDANT
SOUTHWEST TRANSPLANT ALLIANCE, INC

Address
SERVE ITS REGISTERED AGENT: PATRICIA NILES
5489 BLAIR ROAD
DALLAS TX 75231

Active Attorneys ▾
Lead Attorney
EISENSTAT, GARY D
Retained

## Events and Hearings

09/29/2020 NEW CASE FILED (OCA)

09/29/2020 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF S ORIGINAL PETITION

09/29/2020 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 46702038

09/29/2020 JURY TRIAL DEMAND

09/30/2020 CITATION (SERVICE) ▾

Served
11/18/2020

Anticipated Server
ATTORNEY

Anticipated Method

11/20/2020 RETURN OF SERVICE ▾

RETURN OF SERVICE

12/11/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

03/26/2021 DISMISSAL HEARING ▾

1ccl#2 Y Letter

Judicial Officer
BELLAN, MELISSA

Hearing Time
9:00 AM

## Financial

JACOBS, LYNSEY

| | | |
|---|---|---:|
| Total Financial Assessment | | $321.00 |
| Total Payments and Credits | | $321.00 |

| Date | Description | | | Amount |
|---|---|---|---|---:|
| 9/29/2020 | Transaction Assessment | | | $321.00 |
| 9/29/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-10639 | JACOBS, LYNSEY | ($321.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

1ccl#2 Y Letter

RETURN OF SERVICE

ORIGINAL ANSWER - GENERAL DENIAL

# EXHIBIT 2

FILED
9/29/2020 12:54 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-20-04244-B

| | | |
|---|---|---|
| LYNSEY JACOBS, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| SOUTHWEST TRANSPLANT | § | |
| ALLIANCE, INC., | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Plaintiff Lynsey Jacobs (Plaintiff) files this Original Petition against Defendant Southwest Transplant Alliance, Inc. (Defendant).

### II.

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### III.

### PARTIES

2.     Plaintiff is an individual and a citizen of Collin County, Texas.

3.     Defendant is a Texas corporation with its principal place of business located in Dallas County, Texas.  Defendant may be served with process, including citation and a copy of this petition, by serving its registered agent for service of process, Patricia Niles, 5489 Blair Road, Dallas, Texas 75231.

---

## IV.

## <u>JURISDICTION</u>

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## <u>VENUE</u>

6.      Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## <u>BACKGROUND FACTS</u>

7.      Plaintiff began working for Defendant in 2017.

8.      Defendant operates as one of the federally designated organ procurement organizations in the State of Texas that coordinates time-sensitive, life-saving organ and tissue procurement and transplantation services at over 200 hospital partners and in coordination with 10 transplant centers across the State of Texas.

9.      Defendant's services to procure and transport life-saving organs for transplant reach nationwide in support of candidates listed for transplant in its service area as designed by the Centers for Medicare and Medicaid Services.

10.      Plaintiff served as the auditor for Defendant.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

11.     One of Plaintiff's responsibilities was preparing, checking, and submitting deceased donor registration cards (DDR) to the United Network Organ Sharing (UNOS) and the federal government concerning potential organ donors.

12.     In May 2020, it was determined that Plaintiff should not engage in both functions.

13.     It was determined that the clinical department should complete the DDRs, and that Plaintiff should audit the completed DDRs before submitting them to UNOS and the federal government.

14.     In June 2020, Defendant gave Plaintiff an 18% pay raise and a promotion.

15.     Once the clinical department started preparing the DDRs, Plaintiff noticed a number of errors and inaccuracies.

16.     These included things such as stating that a potential organ donor did not have tattoos when, in fact, the potential donor had an arm sleeve of tattoos.

17.     On another occasion, clinical completed a DDR that omitted that the potential donor had Chagas disease.

18.     On another occasion, Plaintiff reported to Ben Keebler, the Compliance Manager, that donated organs were being incorrectly packaged and shipped.

19.     On another occasion, Plaintiff reported that donated organs were being used for research without the proper authorization.

20.     When Plaintiff caught these DDR errors, she notified Keebler and informed Keebler that she would make the proper corrections.

21.     Keebler instructed Plaintiff to submit the incorrect forms and "just correct them later."

22.     Plaintiff told Keebler she would not, and could not, submit forms to the federal government that she  that because that would be falsifying a government document.

23.     Defendant then fired Plaintiff.

## VII.

## CAUSES OF ACTION

### A.     First Cause of Action—Retaliatory Discharge—31 U.S.C. § 3730(h)(1)

24.     Plaintiff adopts and incorporates by reference the preceding paragraphs.

25.     The False Claims Act makes it illegal for any person to discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee, contractor, or agent who engages in lawful acts in furtherance of an action under the False Claims Act or other efforts to stop one or more violations of the False Claims Act.

26.     Plaintiff's refusal to submit false documents to the Department of Health and Human Services constituted such protected conduct.

27.     After repeatedly refusing to submit false documentation, Defendant terminated Plaintiff's employment in retaliation for having engaged in conduct and activity protected by 31 U.S.C. § 3730(h)(1).

28.     Defendants' actions violated 31 U.S.C. § 3730(h)(1).

## VIII.

## DAMAGES

29.     Plaintiff adopts and incorporates by reference the preceding paragraphs.

30.     Defendant's actions violated 31 U.S.C. § 3730(h)(1), thereby entitling her to all relief necessary to make her whole, including reinstatement, two times the amount of backpay, interest on backpay, compensation for special damages sustained, litigation costs, and reasonable attorney's fees.

31.     Plaintiff seeks all damages available under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

32.     Plaintiff incorporates each of the foregoing paragraphs.

33.     Plaintiff retained the services of undersigned counsel to prosecute their claims.

34.     Pursuant to 31 U.S.C. § 3730(h)(1), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## JURY TRIAL

35.     Plaintiff incorporates each of the foregoing paragraphs.

36.     Plaintiff demands a jury trial.

## XI.

## PRAYER

37.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Reasonable attorneys' fees and expert fees;

E.     Courts costs;

F.     Pre-judgment and post-judgment interest at the rate set by law; and

G.     All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@mattscottlaw.com
**SCOTT LAW FIRM PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Matt Scott on behalf of Matt Scott
Bar No. 794613
matt@mattscottlaw.com
Envelope ID: 46669516
Status as of 9/29/2020 1:42 PM CST

Associated Case Party: LYNSEY JACOBS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matt Scott | | matt@mattscottlaw.com | 9/29/2020 12:54:29 PM | SENT |

# EXHIBIT 3

FILED
11/20/2020 5:41 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Electronically Served
9/30/2020 10:48 AM

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-20-04244-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

TO:

**SOUTHWEST TRANSPLANT ALLIANCE, INC**
**SERVE ITS REGISTERED AGENT PATRICIA NILES**
**5489 BLAIR ROAD**
**DALLAS TX 75231**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**LYNSEY JACOBS**
*Plaintiff(s)*

**VS.**

**SOUTHWEST TRANSPLANT ALLIANCE, INC**
*Defendant(s)*

filed in said Court on the 29th day of September, 2020a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 30th day of September, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



---

| ATTORNEY |
| :---: |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-20-04244-B** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

LYNSEY JACOBS, *Plaintiff(s)*

VS.

SOUTHWEST TRANSPLANT
ALLIANCE, INC, *Defendant(s)*

---

SERVE:
**SOUTHWEST TRANSPLANT**
**ALLIANCE, INC**
**SERVE ITS REGISTERED AGENT**
**PATRICIA NILES**
**5489 BLAIR ROAD**
**DALLAS TX 75231**

**ISSUED THIS**
**30TH DAY OF SEPTEMBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

---

Attorney for Plaintiff

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET SUITE 550
DALLAS TX 75202
214-965-9675

---

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-20-04244-B   County Court at Law No. 2

LYNSEY JACOBS vs. SOUTHWEST TRANSPLANT ALLIANCE, INC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT PATRICIA NILES
5489 BLAIR ROAD
DALLAS TX 75231

**Fees:**

Came to hand on the _17th_ day of _November_ , 20_20_ , at _1:49_ o'clock _P_.m., and executed in _Dallas_ County, Texas by delivering to SOUTHWEST TRANSPLANT ALLIANCE, INC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| Southwest Transplant Alliance, Inc by serving registered agent Jackie C. | 11/18/20 at 12:35 PM | 8190 Manderville Lane, Dallas, Texas 75231 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy    $_____    _____ , ~~Officer~~

Total   $_____    _____ _Dallas_____ , County, Texas

By: _Greg Allen PSC-6961_ , ~~Deputy~~

_Greg Allen_____ , Affiant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 48276160
Status as of 11/20/2020 8:48 AM CST

Associated Case Party: LYNSEY JACOBS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matt Scott | | matt@mattscottlaw.com | 11/20/2020 5:41:34 AM | SENT |

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-20-04244-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

TO:

**SOUTHWEST TRANSPLANT ALLIANCE, INC**
**SERVE ITS REGISTERED AGENT PATRICIA NILES**
**5489 BLAIR ROAD**
**DALLAS TX  75231**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you."
Your answer should be addressed to the clerk of  County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**LYNSEY JACOBS**
*Plaintiff(s)*

**VS.**

**SOUTHWEST TRANSPLANT ALLIANCE, INC**
*Defendant(s)*

filed in said Court on the 29th day of September, 2020a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 30th day of September, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-20-04244-B**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

LYNSEY JACOBS, *Plaintiff(s)*

**VS.**

SOUTHWEST TRANSPLANT
ALLIANCE, INC, *Defendant(s)*

---

**SERVE:**
**SOUTHWEST TRANSPLANT**
**ALLIANCE, INC**
**SERVE ITS REGISTERED AGENT**
**PATRICIA NILES**
**5489 BLAIR ROAD**
**DALLAS TX  75231**

**ISSUED THIS**
**30TH DAY OF SEPTEMBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

---

Attorney for Plaintiff

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET SUITE 550
DALLAS TX  75202
214-965-9675

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-20-04244-B   County Court at Law No. 2

LYNSEY JACOBS vs. SOUTHWEST TRANSPLANT ALLIANCE, INC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT PATRICIA NILES
5489 BLAIR ROAD
DALLAS TX  75231

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to SOUTHWEST TRANSPLANT ALLIANCE, INC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
| --- | --- | --- |
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____      _____, Officer

Total    $_____                    _____, County, Texas

                                By:_____, Deputy

                                _____, Affiant

# EXHIBIT 4



**JUDGE MELISSA J. BELLAN**
COUNTY COURT AT LAW NO. 2
GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 555
DALLAS, TEXAS  75202
214-653-7365

October 07, 2020

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET SUITE 550
DALLAS TX  75202

Re:     Cause No. CC-20-04244-B

   LYNSEY JACOBS vs.SOUTHWEST TRANSPLANT ALLIANCE, INC

**NOTICE PURSUANT TO TRCP 165a**

Pursuant to Rule 165a of the Texas Rules of Civil Procedure, the above case is set for dismissal
on  **03/26/2021  at  9:00 a.m.**

**If an answer has not been filed by the requisite appearance date, it will be expected that you
will have moved for a default judgment seven (7) days** <u>**before**</u> **the above-referenced
dismissal date**. Your failure to do so may result in dismissal of the case.

If you are unable to obtain service of process by the above-referenced dismissal date, you must
notify the court and request an extension.

If an answer has been filed, a trial date will be set and you will be notified of same.

If you have any questions regarding this notice, contact the court coordinator at the number listed
above.

Sincerely,

Judge Presiding

# EXHIBIT 5

FILED
12/11/2020 9:10 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-03620-K   Document 1-1   Filed 12/11/20   Page 25 of 29   PageID 28

CAUSE NO. CC-20-04244-B

| | | |
|---|---|---|
| LYNSEY JACOBS, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| SOUTHWEST TRANSPLANT | § | |
| ALLIANCE, INC., | § | |
| | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

## <u>DEFENDANT'S ORIGINAL ANSWER AND DEFENSES</u>

Defendant Southwest Transplant Alliance, Inc. ("Defendant") files this Original Answer and Defenses to the Original Petition filed by Plaintiff Lynsey Jacobs ("Plaintiff") as follows:

## I.   GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition ("Petition") and any amendment or supplement thereto, and demands strict proof.  With respect to any claim by Plaintiff for exemplary or punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

## II.   DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. Plaintiff fails to state a claim upon which relief may be granted for any purported allegation of retaliation because Plaintiff did not engage in protected activity.

2. Plaintiff fails to state a claim upon which relief may be granted for any purported retaliation because Plaintiff's alleged or perceived protected activity was not a motivating factor in the actions taken by Defendant relating to Plaintiff.

3.      Plaintiff fails to state a claim upon which relief may be granted under the False Claims Act because she lacked objective and subjective reasonable belief that Defendant falsified any government document.

4.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, nonretaliatory, and reasonable business reasons that were in no way related to any protected category.

5.      If any improper, illegal, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

6.      If any improper, illegal, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

7.      All of Defendant's decisions and actions regarding Plaintiff were done in the exercise of proper managerial discretion, in good faith, and based on legitimate, non-retaliatory reasons.

8.      Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

9.      Plaintiff's damages, if any, are barred in whole or in part by the doctrine of after-acquired evidence.

10.     To the extent punitive damages are sought by Plaintiff, Defendant is not liable for punitive damages under federal or state law, because neither Defendant, nor any of Defendant's employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized, ratified, or had actual knowledge of any such acts.

11.     Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

12.     To the extent punitive damages are sought by Plaintiff, Defendant is not liable for punitive damages under federal or state law, because the actions alleged were contrary to Defendant's policies and good faith efforts to comply with the laws.  Punitive damages would violate the Constitutions of the United States and the State of Texas.

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.


Respectfully submitted,

By:      */s/ Gary D. Eisenstat*
                GARY D. EISENSTAT
                Texas State Bar No. 06503200
                gary.eisenstat@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 11, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the electronic system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

*/s/ Gary D. Eisenstat*
GARY D. EISENSTAT

45049330.1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gary Eisenstat on behalf of Gary Eisenstat
Bar No. 6503200
gary.eisenstat@ogletreedeakins.com
Envelope ID: 48858375
Status as of 12/11/2020 9:13 AM CST

Associated Case Party: LYNSEY JACOBS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matt Scott | | matt@mattscottlaw.com | 12/11/2020 9:10:12 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sandra RPatrick | | sandra.patrick@ogletreedeakins.com | 12/11/2020 9:10:12 AM | SENT |
| Barbara Denny | | barbara.denny@ogletreedeakins.com | 12/11/2020 9:10:12 AM | SENT |
| Gary D.Eisenstat | | gary.eisenstat@ogletreedeakins.com | 12/11/2020 9:10:12 AM | SENT |
| Trudy D.Cox | | trudy.cox@ogletreedeakins.com | 12/11/2020 9:10:12 AM | SENT |
| Dallas Docketing | | DALDocketing@ogletreedeakins.com | 12/11/2020 9:10:12 AM | SENT |
| Jennifer Hines | | jennifer.hines@ogletreedeakins.com | 12/11/2020 9:10:12 AM | SENT |